LAWRENCE L. SZABO
Attorney at Law
3608 Grand Avenue, Ste. 1
Oakland, CA, 94610
Telephone: (510) 834-4893
E-mail: *szabolaw@gmail.com*

Attorney for Plaintiff, Twila McEachin Lankford

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>Twila McEachin Lankford,<br><br>      Debtor.<br><br>Twila McEachin Lankford,<br><br>      Plaintiff<br>v.<br><br>Lavette Lankford and<br>Trecine Lankford,<br><br>      Defendants. | No. 17-43041<br><br>Chapter 11<br><br><br>Adv. Proc. No. 18-04057<br><br><br><br>Trial Date: December 17, 2018<br>Time: 9:00 a.m.<br>Length of Trial: One Day<br>Courtroom: 220 |

## PLAINTIFF'S TRIAL BRIEF

Plaintiff seeks a declaratory judgment under § 363(h)[1] that Plaintiff, at the commencement of the case, held an undivided interest as a joint tenant with Defendants in the

---

[1] Section 363(h) provides:
    Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, ... and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
    (1) partition in kind of such property among the estate and such co-owners is impracticable;
    (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than

PLAINTIFF'S TRIAL BRIEF, Page 1 of 8

real property, fixtures and improvements at 2116-2118 High Street, Oakland California ("High Street") and that she may sell both the estate's interest and Defendants' interests in High Street.

The standard of proof in an action to sell co-owned estate property is a preponderance of the evidence. The ultimate burden of proving compliance with the requirements of §363(h) is on Plaintiff, as the party seeking authority to sell free and clear of the co-owner's interest. *Sapir v. Sartorius* (S.D.N.Y. 1999) 230 B.R. 650 at 655-656, *aff'd sub nom. In re Sapir* (2d Cir. 2000) 205 F.3d 1324. However, once Plaintiff establishes a *prima facie* case that the requirements of 363(h) have been met, the burden shifts to Defendants to rebut the *prima facie* case.

## I. LEGAL AND FACTUAL ISSUES TO BE DECIDED AT TRIAL

**A. Factual issues:**

**1. Whether Plaintiff held an undivided joint tenancy interest in High Street at the commencement of her chapter 11 case**.

Paragraph 10 of Plaintiff's Complaint [Doc # 1] alleges that Plaintiff held an undivided interest in High Street at the commencement of the case as a joint tenant with Defendants Lavette Lankford and Trecine Lankford.

Defendant Lavette Lankford's "Amended Answer to Complaint" [Doc # 19, paragraph 6] denies that Plaintiff held an undivided interest in High Street as a joint tenant at the commencement of the case.

California Civil Code §683 states that "[a] joint interest is one owned by two or more persons in equal shares, by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy, or by transfer from a sole owner to himself or herself and others . . . ". A fee simple title is presumed to be intended to pass by a grant of real property, unless it appears from the grant that a lesser estate was intended. Cal. Civ. Code § 1105.

Plaintiff will presumptively prove that Plaintiff held fee simple title to an undivided joint tenancy interest in High Street at the commencement of the case by establishing:

---

sale of such property free of the interests of such co-owners;
    (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
    (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. 11 U.S.C. § 363(h).

a. That Plaintiff's mother, Emma Lankford, took sole title to High Street by a grant deed from her mother, Arzola Goodbeer, and her daughter, Defendant Lavette Lankford, dated December 6, 1991 **[Plaintiff's Exhibit 1]**.

b. That Emma Lankford transferred her title to High Street (and other properties) to her son, James Willie Lankford, and her daughter, Lawanda Arzola Lankford, by a Grant Deed dated February 7, 1992 **[Plaintiff's Exhibit 2].**

c. That Lawanda Arzola Davis (*née* Lankford) transferred her title to High Street (and other properties) to her brother, Trecine Lamont Lankford, her sister, Lavette Deatra Lankford, and her sister, Twila LaShawn Lankford, by a grant deed dated September 26, 1995 **[Plaintiff's Exhibit 3];**

d. That on February 19, 2002, the Superior Court of California, County of Alameda, in the case *James Willie Lankford* vs. *Lavette Deatra Lankford, Twila Lashawn Lankford, Trecine Lamont Lankford*, et al., No. 2001026921, (1) ordered partition of High Street; (2) appointed Laurie Capetelli as receiver for High Street; and (3) granted Laurie Capetelli the power to sell High Street, and (4) granted Laurie Capetelli the power to sign any Deeds as if he were the sole owner of High Street **[Plaintiff's Exhibit 4]**; and found that James Willie Lankford has an undivided one-half interest, and that Lavette Deatra Lankford, Twila Lashawn Lankford, and Trecine Lamont Lankford each have an undivided one-sixth interest in High Street **[Plaintiff's Exhibit 4]**.

e. That Lauri Capitelli, as receiver for High Street, Lavette Deatra Lankford, Twila Lashawn Lankford, Trecine Lamont Lankford and James Willie Lankford, Jr. executed an "Individual Grant Deed" dated August 19, 2003 [to Twila Lashawn Lankford, an unmarried woman, Trecine Lamont Lankford, an unmarried man, and Lavette Deatra Lankford, an unmarried woman, all as joint tenants **[Plaintiff's Exhibit 5].**

f. That by executing the "Individual Grant Deed" dated August 19, 2003 [Plaintiff's Exhibit 5] Lauri Capitelli, as receiver for High Street, Lavette Deatra Lankford, Twila Lashawn Lankford, Trecine Lamont Lankford and James Willie Lankford, Jr. intended to grant title to High Street to Twila Lashawn Lankford, an unmarried woman, Trecine Lamont Lankford, an

unmarried man, and Lavette Deatra Lankford, an unmarried woman, all as joint tenants;

g. That in 2013, Plaintiff asked Stonecrest Financial, a loan broker, to obtain a loan secured by High Street;

h. That a representative of Stonecrest Financial informed Plaintiff that the "Individual Grant Deed" dated August 19, 2003 **[Plaintiff's Exhibit 5]** mistakenly sets forth the legal description of the property known as 5704-5706-5708-5710 Los Angeles Street, Oakland, California, instead of the legal description for High Street, and that the "Individual Grant Deed" would need to be corrected in order to obtain financing for High Street;

i. That Plaintiff hired an attorney, Vernon Goins, who prepared a corrected Grant Deed and that on July 11, 2013, Lauri Capitelli, as receiver for High Street, and in the exercise of his power to sign deeds for High Street as if he were the sole owner of High Street, executed a "Grant Deed" for High Street **[Plaintiff's Exhibit 6]** to Twila Lashawn Lankford, an unmarried woman, Trecine Lamont Lankford, an unmarried man, and Lavette Deatra Lankford, an unmarried woman, all as joint tenants.

The "chain of title" for High Street [Plaintiff's Exhibits 1 through 6] presumptively proves that Plaintiff held fee simple title to an undivided joint tenancy interest in High Street at the commencement of her chapter 11 case.

**B. LEGAL ISSUES**

**1. High Street cannot practicably be partitioned "in kind", and High Street is not used in the production, transmission or distribution for sale of electric energy or natural or synthetic gas for heat, light or power.**

Plaintiff may sell her interest in High Street with the interests of Defendants under 11 U.S.C. § 363(b) or (c) if: (1) partition in kind of High Street among the estate and Defendants is impracticable; (2) sale of estate's undivided interest would realize "significantly less" for the estate than a sale of the property free of the Defendants' interests; (3) the benefit to the estate outweighs any detriment to the Defendants ; and (4) the property is not used in the production, transmission or distribution for sale of electric energy or natural or synthetic gas for heat, light or power. 11 U.S.C. § 363(h)(1)-(4).

There are no issues regarding subsections (1) and (4) of section 363(h). In *In re Reed*

(9th Cir. 1991) 940 F2d 1317, 1332, fn. 8, the court opined that where spouses held joint title to a family residence "partition in kind was obviously not possible". Here, it is not practicable to chop an 8-unit apartment building into three pieces.

High Street is not used in the production, transmission or distribution for sale of electric energy or natural or synthetic gas for heat, light or power.

**2. A sale of the Plaintiff's interest with the interests of Defendant co-owners will generate more than sale of Plaintiff's undivided interest alone.**

Whether the sale of all co-owned interests will generate more than a sale of the debtor's undivided interest is determined case-by-case. In *In re Reed* (9th Cir. 1991) 940 F2d 1317, 1332, fn. 8, the court opined that where spouses held joint title to a family residence "the estate's interest would be much less if only the debtor-spouse's one half were sold". *See also In re Addario* (Bankr. Dist. MA 1985) 53 BR 335, 338 (sale by the estate of a fractional interest would cause substantially less than sale of the entire property because of the chilling effect of the co-owner's interest where co-owner could continue to live on property. *See also In re Gauthreaux*, 206 B.R. 502 (Bankr. N.D. Ill. 1997) (court took judicial notice under Federal Rule of Evidence that sale of a bankruptcy estate's undivided one-half interest will generate substantially less than the sale of the entire property interest free of each owner's interest because of the chilling effect the sale of such a limited interest has on prospective purchasers of the property).

2116-2116 High Street consists of 7 "townhome" rental units attached to a "house" (2118 High Street). A sale of a Plaintiff's fractional interest would not generate as much money as a sale of the entire property because of the chilling effect of the Defendant co-owners' rights to live on High Street and collect the rents of High Street.

**3. The benefit to the estate of a sale of the jointly owned property outweighs the detriment to the co-owners.**

Courts consider both economic and noneconomic factors, including emotional, psychological and/or physical detriment to the co-owner on the question of co-owner detriment from the proposed sale. *In re Wolk* (8th Cir. 2012) 686 F3d 938, 940 (proposed sale's detrimental emotional impact on co-owner non-debtor wife considered). Detriment to co-owners is less of a factor in the sale of *commercial* property than a co-owned family home.

PLAINTIFF'S TRIAL BRIEF, Page 5 of 8

Defendant's Lavette Lankford and Trecine Lankford do not reside at High Street. For many years they have lived in the four unit building on Los Angeles Street, a property also co-owned by Plaintiff and Defendants. The substantial monetary benefit to the estate of a sale will outweigh any emotional, psychological and/or physical detriment by a sale of Defendants' interests in High Street.[2]

The estate will benefit from a sale of the estate's and the Defendants' interests High Street because such sale will provide the estate with substantial money. Debtor valued High Street at $1.5 million in her schedules. In the opinion of a California licensed real estate broker, DeAnna Baldridge, the property's market value is in a range of $1.2 million to $1.5 million.

High Street is encumbered by a deed of trust securing a debt owed to Private Capital Fund LLC in the original principal balance of $250,000. Private Capital Fund LLC's proof of claim [Plaintiff's Exhibit 7] indicates that $332,714.14 was owed on the deed of trust debt when the Chapter 11 case was filed. A "Statement of Account" by the servicer for the Private Capital Fund debt [Plaintiff's Exhibit 8] indicates an account balance of $385,303.01 as of October 20, 2018. Alameda County's Secured Property Tax Statement for the 2018-2019 fiscal year states that the total amount due for the fiscal year is $26,214.66 [Plaintiff's Exhibit 9].

A sale will pay the deed of trust debt and provide funds to pay other claims and administrative expenses. Plaintiff estimates that the net proceeds of sale of her interest and the interests of Defendants would be about $677,785.34 if High Street sells for $1.2 million:

```
Gross Sale Proceeds:         $1,200,000.00
Less:
    Costs of sale (8%):           96,000.00
    Property tax, 2018-2019:     $26,214.66
    Deed of Trust (est.):        400,000.00
Net sale proceeds:             $677,785.34
```

The estate is entitled to a share of the net proceeds in proportion to its ownership interest i.e., one-third, which would be about $225,702.00. *See* 11 U.S.C.A. § 363 (j) (after a sale under § 363(h) the trustee shall distribute to the co-owners and to the estate, the proceeds of such sale,

---

[2] Defendant Lavette Lankford may claim that she recently moved to High Street. However, Lavette is a co-owner of Los Angeles Street; her apartment at Los Angeles Street remains vacant.

less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such co-owners, and of the estate).

The estate's share of the sale proceeds will benefit the estate by allowing the estate to pay allowed claims and administrative expenses, and to cure the substantial arrearages on loans secured by the three other properties Plaintiff and Defendants co-own.

The court may further address whether a sale is of any benefit to the estate when Debtor asks the court to approve a sale. In *In re Hatfield* (B.A.P. 9th Cir., Mar. 17, 2009, No. ADV. 08-03040) 2009 WL 7751435, at 6–7, the court rejected the contention that the trustee must demonstrate equity in property before the court can authorize a sale free of a co-ownership interest under § 363(h). "Section § 363(h)(3) only requires that a sale of the property free of the co-owner's interest offer a benefit to the estate that is not outweighed by any detriment to a co-owner." *In re Hatfield*, 2009 WL 7751435, at *10. The court reasoned that "because the question of equity is considered when a sale motion is brought under §§ 363(b) and (f), the Trustee is not required to demonstrate equity to satisfy § 363(h)." The court found that the trustee demonstrated the sale would benefit the estate because the property would bring a higher price if sold in its entirety rather than if the Debtor's interest alone were sold. The trustee also demonstrated a benefit to the estate because the sale would allow payment of secured claims against the estate. *In re Hatfield*, 2009 WL 7751435, at *10. *See* also *In re Bell* (M.D. Tenn. 1987) 80 B.R. 104, 106 (court rejects contention, that the concept of benefit to the estate includes only benefit to unsecured claimholders); *Spear v. Crow Canyon Office Park Partners (In re Haley),* 100 B.R. 13, 17 (Bankr.N.D.Cal.1989) ("The satisfaction of a claim against the estate clearly confers a benefit on the estate.").

**4. Defendants must turn High Street over to Plaintiff.**

Plaintiff's Complaint requests that the court order Defendant to turn over to Plaintiff possession, custody and control of High Street and to run over or disclose to Plaintiff recorded information relating to the operations and rents of High Street. 11 U.S.C. § 542(a) generally requires persons in possession, custody, or control of property that the trustee may use, sell, or lease, or that the debtor may exempt, to deliver to the trustee such property or its value. 11

U.S.C. § 542(a). *See White v. Brown (In re White)*, 389 B.R. 693, 699 (9th Cir. BAP 2008). If the court authorizes Plaintiff to sell both Plaintiff's and Defendants' interests in High Street, High Street becomes "property that the trustee may ... sell ... under section 363 of this title". Section 542 states that an entity in possession of property the trustee may sell "shall deliver to the trustee, and account for such property unless such property is or inconsequential value or benefit to the estate." High Street is not "of inconsequential value or benefit to the estate." The court must order Defendants to turn High Street and recorded information regarding the operations and rents of High Street over to Plaintiff. Immediate turnover will allow Plaintiff to obtain current information about the tenants and the expenses of the High Street which will aid Plaintiff in marketing High Street.

WHEREFORE, Plaintiff respectfully requests that the court authorize Plaintiff to sell, under subsection (b) or (c) of section 363, both the estate's interest and the interest of Defendants in the High Street, and that the court order Defendants to turn High Street over to Plaintiff.

Dated: December 7, 2018          /s/ Lawrence L. Szabo
                                 LAWRENCE L. SZABO
                                 Attorney for Twila McEachin Lankford, Plaintiff