LAWRENCE L. SZABO
Attorney at Law
3608 Grand Avenue, Ste. 1
Oakland, CA, 94610
Telephone: (510) 834-4893
E-mail: *szabolaw@gmail.com*

Attorney for Plaintiff, Twila McEachin Lankford

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re: | No. 17-43041 |
| Twila McEachin Lankford, | Chapter 11 |
| Debtor. | Adv. Proc. No. 18-04057 |
| Twila McEachin Lankford, | |
| Plaintiff | |
| v. | |
| Lavette Lankford and Trecine Lankford, | |
| Defendants. | |

**PLAINTIFF'S POST-TRIAL BRIEF**

Pursuant to the court's order of January 10, 2019, Plaintiff submits the following post-trial brief:

Plaintiff seeks declaratory judgment under § 363(h)[1] that that Plaintiff, at the commencement of the case, held an undivided interest as a joint tenant in the real property,

---

[1] Section 363(h) provides:
Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, ... and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

PLAINTIFF'S POST-TRIAL BRIEF, Page 1 of 8

fixtures and improvements at 2116-2118 High Street, Oakland California ("High Street") with Defendants, and that she may sell both the estate's interest and Defendants' interests in High Street.

The standard of proof in an action to sell co-owned estate property is a preponderance of the evidence. The ultimate burden of proving compliance with the requirements of §363(h) is on Plaintiff, as the party seeking authority to sell free and clear of the co-owner's interest. *Sapir v. Sartorius* (S.D.N.Y. 1999) 230 B.R. 650 at 655-656, *aff'd sub nom. In re Sapir* (2d Cir. 2000) 205 F.3d 1324. However, once Plaintiff establishes a *prima facie* case that the requirements of 363(h) have been met, the burden shifts to Defendants to rebut the *prima facie* case.

**1. Plaintiff held an undivided joint tenancy interest in High Street at the commencement of her chapter 11 case**.

California Civil Code §683 states that "[a] joint interest is one owned by two or more persons in equal shares, by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy, or by transfer from a sole owner to himself or herself and others . . . ". A fee simple title is presumed to be intended to pass by a grant of real property, unless it appears from the grant that a lesser estate was intended." Cal. Civ. Code § 1105.

Plaintiff has proven, by a preponderance of the evidence, consisting of the certified copies of the grant deeds, the testimony of Plaintiff Twila Lankford and the testimony of Laurie Capitelli, the court-appointed receiver of High Street, that Plaintiff held fee simple title to an undivided joint tenancy interest in High Street at the commencement of the case. The evidence establishes:

a. That Plaintiff's mother, Emma Lankford, took sole title to High Street by a grant deed from her mother, Arzola Goodbeer, and her daughter, Defendant Lavette Lankford, dated

---

(1) partition in kind of such property among the estate and such co-owners is impracticable;
(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. 11 U.S.C. § 363(h).

December 6, 1991 **[Plaintiff's Exhibit 1].**

    b. That Emma Lankford transferred her title to High Street (and other properties) to her son, James Willie Lankford, and her daughter, Lawanda Arzola Lankford, by a Grant Deed dated February 7, 1992 **[Plaintiff's Exhibit 2]**.

    c. That Lawanda Arzola Davis (*née* Lankford) transferred her title to High Street (and other properties) to her brother, Trecine Lamont Lankford, her sister, Lavette Deatra Lankford, and her sister, Twila LaShawn Lankford, by a grant deed dated September 26, 1995 **[Plaintiff's Exhibit 3]**;

    d. That on February 19, 2002, the Superior Court of California, County of Alameda, in the case *James Willie Lankford* vs. *Lavette Deatra Lankford, Twila Lashawn Lankford, Trecine Lamont Lankford*, et al., No. 2001026921, (1) ordered partition of High Street; (2) appointed Laurie Capetelli as receiver for High Street; and (3) granted Laurie Capetelli the power to sell High Street, and (4) granted Laurie Capetelli the power to sign any Deeds as if he were the sole owner of High Street **[Plaintiff's Exhibit 4]**;

    e. That on February 19, 2002, the Superior Court of California, County of Alameda, in the case *James Willie Lankford vs. Lavette Deatra Lankford, Twila Lashawn Lankford, Trecine Lamont Lankford*, et al., No. 2001026921, found that James Willie Lankford has an undivided one-half interest, and that Lavette Deatra Lankford, Twila Lashawn Lankford, and Trecine Lamont Lankford each have an undivided one-sixth interest in High Street **[Plaintiff's Exhibit 4].**

    f. That Lauri Capitelli, as receiver for High Street, Lavette Deatra Lankford, Twila Lashawn Lankford, Trecine Lamont Lankford and James Willie Lankford, Jr. executed an "Individual Grant Deed" dated August 19, 2003 [to Twila Lashawn Lankford, an unmarried woman, Trecine Lamont Lankford, an unmarried man, and Lavette Deatra Lankford, an unmarried woman, all as joint tenants **[Plaintiff's Exhibit 5].**

    g. That by executing the "Individual Grant Deed" dated August 19, 2003 **[Plaintiff's Exhibit 5]** Lauri Capitelli, as receiver for High Street, Lavette Deatra Lankford, Twila Lashawn Lankford, Trecine Lamont Lankford and James Willie Lankford, Jr. intended to grant title to

High Street to Twila Lashawn Lankford, an unmarried woman, Trecine Lamont Lankford, an unmarried man, and Lavette Deatra Lankford, an unmarried woman, all as joint tenants;

h. That the "Individual Grant Deed" dated August 19, 2003 **[Plaintiff's Exhibit 5],** although stating the correct Assessor's Parcel Number (APN#) for the High Street property, mistakenly states the legal description for the real property known as 5704-5706-5708-5710 Los Angeles St., Oakland, California instead of the legal description for High Street**.**

i. That on July 11, 2013, Lauri Capitelli, to correct the mistaken grant deed **[Plaintiff's Exhibit 5],** executed a corrected "Grant Deed" for High Street **[Plaintiff's Exhibit 6]** to Twila Lashawn Lankford, an unmarried woman, Trecine Lamont Lankford, an unmarried man, and Lavette Deatra Lankford, an unmarried woman, all as joint tenants.

The "chain of title" for High Street [Plaintiff's Exhibits 1 through 6], and the testimony of Twila Lankford and Laurie Capitelli presumptively prove that Plaintiff held fee simple title to an undivided joint tenancy interest in High Street at the commencement of her chapter 11 case. Lauri Capitelli, grantor of the "Grant Deed" dated July 11, 2013 [Plaintiff 's Exhibit 6], expressly declares his intent in the grant deed to create a joint tenancy in High Street between Plaintiff and Defendants.

**2. A preponderance of the evidence establishes that High Street cannot practicably be partitioned "in kind" and that High Street is not used in the production, transmission or distribution for sale of electric energy or natural or synthetic gas for heat, light or power**.

Plaintiff may sell her interest in High Street with the interests of Defendants under 11 U.S.C. § 363(b) or (c)  if: (1) partition in kind of High Street among the estate and Defendants is impracticable; (2) sale of estate's undivided interest would realize "significantly less" for the estate than a sale of the property free of the Defendants' interests; (3) the benefit to the estate outweighs any detriment to the Defendants; and (4) the property is not used in the production, transmission or distribution for sale of electric energy or natural or synthetic gas for heat, light or power. 11 U.S.C. § 363(h)(1)-(4).

 In *In re Reed* (9th Cir. 1991) 940 F2d 1317, 1332, fn. 8, the court opined that where spouses held joint title to a family residence "partition in kind was obviously not possible". Here,

it is not practicable to chop an 8-unit apartment building on a single parcel of land into three pieces. William Waters, an associate of the real estate brokerage firm, Marcus & Millichap, testified that the separate interests of the parties could not be sold because High Street is but one parcel. Mr. Waters' written report on High Street, admitted into evidence as Plaintiff's Exhibit No. 10. indicates that the High Street property is not used in the production, transmission or distribution for sale of electric energy or natural or synthetic gas for heat, light or power.

**3. A sale of the Plaintiff's interest with the interest of Defendant co-owners will generate more than sale of Plaintiff's undivided interest alone.**

Whether a proposed sale will meet the requirement of 11 U.S.C. § 363(h)(2), that the sale of all co-owned interests will generate more than a sale of the debtor's undivided interest alone is determined case-by-case. In *In re Reed* (9th Cir. 1991) 940 F2d 1317, 1332, fn. 8, the court opined that where spouses held joint title to a family residence "the estate's interest would be much less if only the debtor-spouses one half were sold". *See also In re Gauthreaux*, 206 B.R. 502 (Bankr. N.D. Ill. 1997) (court took judicial notice under Federal Rule of Evidence that sale of a bankruptcy estate's undivided one-half interest will generate substantially less than the sale of the entire property interest free of each owner's interest because of the chilling effect the sale of such a limited interest has on prospective purchasers of the property). Plaintiffs witness, William Waters, testified that a sale of Plaintiff's one-third interest would not generate as much for the estate as a sale of the entire property.

**4. The benefit to the estate of a sale of the jointly owned property outweighs the detriment to the co-owners.**

Courts consider both economic and noneconomic factors, including emotional, psychological and/or physical detriment to the co-owner on the question of co-owner detriment from the proposed sale. *In re Wolk* (8th Cir. 2012) 686 F3d 938, 940 (proposed sale's detrimental emotional impact on co-owner non-debtor wife considered). Detriment to co-owners is less of a factor in the sale of *commercial* property than a co-owned family home.

The evidence indicated Trecine Lankford does not reside at High Street; and that, while

Lavette Lankford may claim to live at the High Street property, she only moved there recently, after the action was commenced. Defendants established no emotional, psychological and/or physical detriment by a sale of Defendants' interests in High Street. Even if the Defendnats' emotional attachment to the property could be quantified, any such detriment to Defendants' emotions caused by a sale would not outweigh the benefit to the estate of a sale of their interests. Defendants offered no evidence that a sale of the High Street property would cause them to not have a place to live.

      A preponderance of the evidence proves that the estate will benefit from a sale of the estate's and the Defendants' interests High Street because the sale of the property will provide the estate with substantial money. Plaintiff's witness, William Winters of Marcus & Millichap, testified that in his opinion the High Street property would sell for about $1.6 million dollars. and the property is subject to only about $400,000 in liens aginst the property.

      Private Capital Funds LLC's proof of claim [Claim 5-1] **[Plaintiff's Exhibit 7]** indicates that $332,714.14 was owed on the deed of trust debt when the Chapter 11 case was filed. A "Statement of Account" by the servicer for the Private Capital Fund debt **[Plaintiff's Exhibit 8]** indicates an account balance of $385,303.01 as of October 20, 2018. Alameda County's Secured Property Tax Statement for the 2018-2019 fiscal year states that the total amount due for the fiscal year is $26,214.66 **[Plaintiff's Exhibit 9].**

      The evidence of the value of the property and the liens and encumbrances against it indicates that a sale of the property for $1.6 million will pay the deed of trust obligation, property tax debts and provide funds to pay other claims against Debtor and administrative expense.

      The estate may have a share of the net proceeds in proportion to its ownership interest i.e., one-third. The evidence indicates that each of the three owners would, after normal costs of sale, receive about $225,000 from a sale of the property if it would sell for $1.5 million dollars. *See* 11 U.S.C.A. § 363 (j) (after a sale under § 363(h) the trustee shall distribute to the co-owners and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such co-owners, and of the estate).

The estate's share of the sale proceeds will benefit the estate by allowing the estate to pay allowed claims and administrative expenses, and to cure the substantial arrearages on loans secured by the three other properties Plaintiff and Defendants co-own.

Plaintiff must only demonstrate that this benefit to estate outweighs detriment to Defendant co-owners. Where a co-owner suffers <u>no</u> detriment, the benefit of a sale to the estate outweighs the detriment to the co-owner. *See* also *In re Bell* (M.D. Tenn. 1987) 80 B.R. 104, 106 (court rejects contention, that the concept of benefit to the estate includes only benefit to unsecured claimholders); *Spear v. Crow Canyon Office Park Partners (In re Haley),* 100 B.R. 13, 17 (Bankr.N.D.Cal.1989) ("The satisfaction of a claim against the estate clearly confers a benefit on the estate."). Here the Defendants will receive a substantial benefit from a sale, i.e. each Defendant will receive his or her share of the substantial equity in the property. Defendants offer no evidence they would suffer a detriment from the sale

### 5. Defendants must turn High Street over to Plaintiff.

Plaintiff's Complaint also requests turnover of High Street. 11 U.S.C. § 542(a) generally requires persons in possession, custody, or control of property that the trustee may use, sell, or lease, or that the debtor may exempt, to deliver to the trustee such property or its value. 11 U.S.C. § 542(a). *See White v. Brown (In re White)*, 389 B.R. 693, 699 (9th Cir. BAP 2008). If the court authorizes Plaintiff to sell both Plaintiff's and Defendants' interests in High Street, High Street is "property that the trustee may ... sell ... under section 363 of this title". Section 542 states that an entity in possession of property the trustee may sell "shall deliver to the trustee, and account for such property unless such property is or inconsequential value or benefit to the estate. High Street is not "of inconsequential value or benefit to the estate." If the court authorizes Plaintiff to sell Defendant's interests in High Street, the court must order Defendants to turn High Street over to Plaintiff. Immediate turnover will allow Plaintiff to properly market High Street for sale.

WHEREFORE, Plaintiff respectfully requests that the court authorize Plaintiff to sell, under subsection (b) or (c) of section 363, both the estate's interest and the interest of Defendants in the High Street, and order Defendants to turnover possession of the property, all rents of the

PLAINTIFF'S POST-TRIAL BRIEF, Page 7 of 8
Case: 18-04057    Doc# 62    Filed: 01/14/19    Entered: 01/14/19 17:43:34    Page 7 of 8

1  property, and all records pertaining to the property.
2
3  Dated: January 14, 2018                /s/ Lawrence L. Szabo
                                          LAWRENCE L. SZABO
4                                         Attorney for Twila McEachin Lankford, Plaintiff