

Mario A. Moya
Moya Law Firm
1300 Clay St., Suite 600
Oakland, California 94612
Tel: 510.926.6521 | Fax: 510.340.9055
Email: mmoya@moyalawfirm.com

**<u>Hard Copy Filed</u>**

Feb. 19, 2019

FILED

FEB 19 2019

BANKRUPTCY COURT
OAKLAND, CALIFORNIA

Hon. William Lafferty III
United States Bankruptcy Court
Northern District of California
1300 Clay St., Suite 300
Oakland, CA 94612

>      Re:    **Status Update**
>             ___*Lankford v. Lankford*___, No. 18-ap-04057 (Bankr. N.D. Cal.).

Dear Judge Lafferty:

We wish to update the Court regarding the status of this matter.

<u>Turnover and Settlement Negotiations</u>

Regrettably, the parties to this adversary proceeding have been unable to amicably resolve their dispute concerning the sale and disposition of 2116–2118 High St. in Oakland pursuant to 11 U.S.C. sections 363(h)–(i). While Ms. Lavette Lankford previously expressed a desire to mediate this matter as the Court had previously suggested, Plaintiff resisted that request and has instead invited a negotiated resolution through counsel following turnover.

Now that turnover has occurred, settlement discussions between counsel are now at impasse through no fault of Defendant. Accordingly, Ms. Lavette Lankford again renews her request for a judicial mediation. In the alternative, Ms. Lankford requests an order to specifically-perform the settlement offer she previously accepted from Plaintiff during negotiations.

Since the Court's hearing on Jan. 22, 2019 and its written decision on Feb. 1, 2019, Ms. Lavette Lankford has faithfully complied with the Court's turnover order and has delivered a long list of items and materials to the new property manager pending sale. Meanwhile, the undersigned counsel has attempted to negotiate Lavette's purchase of the property from her sister, Plaintiff Twila Lankford through Ms. Lankford's counsel Lawrence Szabo.

Settlement discussions began when Mr. Szabo communicated a demand by Plaintiff that Ms. Lavette Lankford buy-out Plaintiff's interest in High Street on Wed, Jan 30, which



Ms. Lavette Lankford agreed to accept. As further discussions ensued about structuring the sale and satisfying all liens outstanding (including a curious lien held by Ms. Lavette Lankford's *former counsel in this matter* (see below)), counsel for Plaintiff Twila Lankford advised on February 11, 2019 that Ms. Twila Lankford was no longer interested in selling the property to Lavette Lankford, but wanted instead to buy-out Lavette and her brother Trecine, apparently without any regard for their rights as co-owners under 11 U.S.C. section 363(i). This change-of-heart occurred shortly after Lavette turned-over the property to Ms. Twila Lankford's preferred property manager, Deanna Baldridge.

Notably, during discussions regarding the sale of the property, Mr. Szabo informed the undersigned counsel of a problem involving a $100,000+ judgment lien recorded by Defendant's former counsel, Matt Webb, against Trecine Lankford, the parties' brother and co-owner of the property. This lien, we believe, posed a direct conflict of interest in Mr. Webb's prior representation of Defendant Lavette Lankford in this adversary proceeding and also perhaps affected Defendant's strategy and judgment on how to proceed in the litigation (including whether to file claims as a creditor in the underlying matter).

In any event, counsel is mindful of the Court's comments from the bench at the January 22 hearing, and we have attempted to resolve this matter in good faith with plaintiff's counsel. Nevertheless, as of February 11, plaintiff has changed her offer entirely and is now wanting to purchase defendant's interest in the property — by what means and mechanism, is still unknown (as she is still in bankruptcy) — but at a *substantial discount* from her original offer to sell her equivalent interest. This revised offer is despite the clear directive of section 363(i), which gives a co-owner of the property like Defendant Lankford the right to purchase the property of the debtor pursuant to a right of first refusal, and is in direct contravention of a settlement demand she previously made and that Lavette accepted.

Ms. Lavette Lankford requests that the Court specifically enforce the agreement previously reached between the parties, or, in the alternative, refer the matter for judicial mediation.

Notice of Appeal

On February 12, 2019, Defendant Lavette Lankford filed a *pro se* notice of appeal of the Court's January 29, 2019 Order. The undersigned counsel is not representing Ms. Lankford in connection with that appeal. See Dkt. #79.

///
///



Counsel's Request to Withdraw

The undersigned counsel wish to assist Defendant with this matter, but have determined that withdrawal is necessary at this time for reasons that are subject to the attorney-client privilege. A motion is forthcoming. In the meantime, counsel will faithfully execute their duties as advocates for Ms. Lankford and officers of the Court.

Kind regards,

Mario A. Moya
MOYA LAW FIRM

Cc: Lawrence Szabo,
     counsel for T. Lankford